THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* KNICKER-
BOCKER TRUST COMPANY and ERNST THALMANN and Others, as
Temporary Receivers of the KNICKERBOCKER TRUST COMPANY,
Respondents.

Second Department, June 18, 1908.

Receivers — amount of compensation — agreement with corporation not
binding — reargument.

A court holding the funds of a corporation by its receivers is not bound to allow
the commissions agreed upon between the receivers and the directors of the
corporation.

Motion for reargument of an appeal upon which the compensation of receivers
was reduced denied.

MOTION for a reargument of an appeal by the plaintiff, The
People of the State of New York, from an order of the Supreme
Court, made at the Richmond Special Term and entered in the
office of the clerk of the county of Richmond on the 28th day of
March, 1908, as resettled, fixing the fees and compensation of the

temporary receivers of the Knickerbocker Trust Company and of their counsel. (See *People* v. *Knickerbocker Trust Co.*, 127 App. Div. 215.)

*George W. Wickersham*, for the motion.

*William A. Deford*, opposed.

Gaynor, J.:

A motion for a reargument is made by the receivers and their counsel on the grounds that they did not know that the question of the amount of their compensation was before this court, and that the amount we have fixed is inadequate. This seems strange. What then was before us? The brief for the receivers when the appeal was argued argues at length that the work done by the receivers and their counsel was fully shown in fifty-five pages of the record which it points out, and that the sums allowed were not excessive. "It is not necessary", says the brief, "now to analyze these statements" (*i. e.*, the statements showing such work), "but a reference to them is sufficient to show that the Court and the Attorney-General were fully informed upon the subject of the services of the receivers and their counsel". But now we are asked to take the contrary position, that there was not enough before us to pass upon the question of the amount of compensation, and that that question was not before us. If not, then the same was the case with the court below, and the amounts fixed rested only on an agreement between the receivers and their counsel, and the directors of the trust company, and the case would actually be one of the disposal of trust funds held for the court by its receivers to themselves by agreement with the directors of the trust company — a thing not to be permitted. The record disclosed the work of the receivers and their counsel and the amounts we allowed therefor were ample. This is especially so of the receivers. Very few are so fortunate as to make $20,000 inside of five months without investment, risk or anxiety.

The motion is denied. Let the order on our former decision be settled on notice before Mr. Justice Gaynor.

Woodward, Jenks, Hooker and Rich, JJ., concurred.

Motion denied.